**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4629**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GABRIEL GUTIERREZ-PIZA,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge.  (CR-04-432)

———————————

Submitted:  February 28, 2006          Decided:  March 22, 2006

———————————

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gabriel Gutierrez-Piza pled guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Gutierrez-Piza was sentenced to imprisonment for thirty-seven months. We affirm the conviction and sentence.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal, but raising the issue of whether the sentence imposed by the district court was reasonable. Although Gutierrez-Piza was informed of his right to file a pro se supplemental brief, he did not do so.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, __F.3d__, 2006 WL 267217, at *5 (4th Cir. Feb. 6, 2006) (No. 05-4270).

Gutierrez-Piza's thirty-seven month sentence was both within the guideline range of thirty to thirty-seven months, and

- 2 -

well within the statutory maximum of twenty years.  <u>See</u> 8 U.S.C. § 1326(b)(2).  Because the district court appropriately treated the guidelines as advisory, properly calculated and considered the guideline range, and weighed the relevant § 3553(a) factors, we find the sentence reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>